134

# Taylor et al. v. Board Of Trustees Of Pension Fund et al.

January 31, 1950.

Sidney B. Neal, Judge.

John B. Anderson for appellants.
Ridley M. Sandidge for appellees.

JUDGE CAMMACK—Affirming.

The only question involved on this appeal is the proper computation of the retirement benefits due George Taylor and James Murray under Section 17 of a Civil Service Ordinance adopted by the City of Owensboro on July 1, 1939. Both of the appellants have reached the retirement age provided in Section 16 of the Ordinance, both are credited with 10 years' service since July 1, 1939, and both have worked more than 40 years for the City. The lower court adjudged that each of the appellants was entitled to receive one-fourth of his average monthly salary based on the period of 10 years next preceding the date of his retirement. The appellants contend that they are entitled to receive a pension equal to one-half of their average monthly salaries

based upon the period of 10 years next preceding the date of their retirement.

Section 17 of the Ordinance follows: "Upon the application of a member for retirement from service the Board, if it sees fit, may retire such employee and if the membership with said retirement system shall have existed for as much as twenty (20) years from the 1st day of July, 1939, said member shall receive a pension monthly equal to one-half of the average monthly salary based upon a period of the last ten (10) years. In the event a member has been in the service continuously with the city for more than ten (10) years from the 1st day of July, 1939, but less than twenty years but whose Prior Service Certificate is credited with a sufficient number of years of service to bring the total of years of service with the city to twenty (20) years or more, said member upon retirement shall receive as a pension monthly one-fourth of such average monthly salary based on the period of ten (10) years next preceding the date of retirement, and in addition thereto shall receive one-fourth of his average monthly salary reduced by one-fortieth of said salary multiplied by the number of years from such Prior Service Certificate necessary to bring the members total service with the city to twenty (20) years service."

Obviously, the appellants do not fall within the class covered by the first sentence of Section 17, since they have only 10 years' service since July 1, 1939. We think however, they misconstrue the next sentence of Section 17. They contend that an employee who has worked 10 years after July 1, 1939, is eligible to retirement benefits based on one-fourth of his average monthly salary. This they call his primary benefit. To this amount they would add one-fortieth of his average monthly salary figured retroactively, not to exceed 10 years. It is upon this method of calculation the appellants contend they are entitled to a pension equal to one-half of their average monthly salary. We think this method is erroneous for two reasons: first, it overlooks the express requirement of 20 years' service before an employee is entitled to any pension; and secondly, the one-fortieth increment provision was designed to work prospectively from July 1, 1939 and not retroactively from that date. For example, an employee with

15 years' service after July 1, 1939, and five years' service prior to that date, would be entitled to fifteen-fortieths or three-eighths of his average monthly salary.

For the reasons given we think the judgment should be and it is affirmed.