## Board Of Trustees Of Pension Fund Of City Of Owensboro et al. v. Elliott.

January 31, 1950.

Sidney B. Neal, Judge.

Ridley M. Sandidge for appellants.

Beckham A. Robertson and Hobson James for appellee.

JUDGE CAMMACK—Reversing.

This case involves the question of what retirement allowance, if any, Jerry M. Elliott is entitled to under section 18 of the Civil Service Ordinance adopted by the City of Owensboro on July 1, 1939. Elliott is totally disabled. He is not 60 years of age, but he has 19 years' service with the City of Owensboro, the last 10 years of which have been since July 1, 1939. The lower court allowed him a pension equal to nineteen-fortieths of his average monthly salary based upon the last 10 years of his service. The appellant contends that the judgment is erroneous in that, if Elliott was entitled to any pension, it should be one-fourth of his average monthly salary during the last 10 years of his service.

Section 18 of the Ordinance follows: "Upon the application of a member in service or of the head of his department, any member who has had ten (10) years or more of creditable service from the 1st day of July 1939, may be retired by the Board not less than thirty (30) days and not more than ninety (90) days next following the dates of filing such application on an ordinary disability retirement allowance, provided, the Medical Director, after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of duty and such incapacity is likely to be permanent and such member should be retired. Such member shall receive the same pension allowance as is allowed for the same number of years of service together with the years credited to him on his Prior Service Certificate as is provided in Section 17 of this ordinance."

In the case of Taylor et al. v. Board of Trustees of Pension Fund et al., 312 Ky. 134, 226 S. W. 2d 763, we held that (1) under Section 17 of the Ordinance, 20 years' service is required before an employee is entitled to any pension; and (2) the one-fortieth increment provision is to be calculated prospectively from July 1, 1939 rather than retroactively from that date. In Elliott's case nine-fortieths of the pension allowed him was calculated retroactively.

At first blush it would appear that serious question could be raised as to whether Elliott is entitled to any pension, because his period of service is one year short of the 20 year period provided in Section 17. We think, however, from a careful analysis of Section 18, it was

intended, that a disabled employee coming within the provision of that section is entitled to a pension if he has had more than 10 years' service since July 1, 1939. In effect, disability is substituted for service prior to July 1, 1939. In Elliott's case, since his period of service after July 1, 1939 was 10 years, he would be entitled to a pension equal to one-fourth of his average monthly salary calculated on the basis of the salary he received during the last 10 years of his service. The last sentence of Section 18 authorizes the increase of a disabled worker's pension when his period of service exceeds 10 years after July 1, 1939. Under this interpretation of Sections 17 and 18 of the Ordinance a disabled worker who had 15 years of service after July 1, 1939, would be entitled to a pension of fifteen-fortieths, or three-eighths of his average monthly salary, based on the last 10 years of his service.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.